UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KEITH WAYNE TYLER**        :        **DOCKET NO. 2:20-cv-0224**
   **D.O.C. # 273503**                          **SECTION P**

**VERSUS**                   :        **JUDGE TERRY A. DOUGHTY**

**DARREL VANNOY**            :        **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus [doc. 1] filed by pro se petitioner Keith Wayne Tyler ("petitioner"). The petitioner is an inmate in the custody of the Louisiana Department of Safety and Corrections. The respondent opposes the petition [doc. 17]. The petition is now ripe for review.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that all claims be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.
### BACKGROUND

**A. Conviction**

On October 18, 2010, following a jury trial, the petitioner was convicted in Calcasieu Parish, Louisiana, on two counts of aggravated incest and one count of forcible rape. Doc. 1, p. 1. On January 5, 2011, after being adjudicated a third habitual offender, he was sentenced to life imprisonment. Doc. 38, p. 11.

### B. Direct Appeal

Petitioner, through counsel, timely filed a direct appeal in the Louisiana Third Circuit Court of Appeal on September 7, 2011, alleging: (1) insufficient evidence to convict him; (2) violation of his rights under Due Process and Confrontation Clause caused by the trial court's erroneous application of the "rape shield" law; (3) the trial court erred in denying eight of his challenges for cause; (4) the trial court erred in denying his motion for mistrial after the State elicited hearsay; and (5) excessive sentence. See Doc. 32, pp. 102- doc. 32, att. 1, p. 5. On May 16, 2012, the Third Circuit Court of Appeal affirmed the petitioner's convictions and sentences. *State v. K.W.T.,* 11-839 (La.App. 3 Cir. 5/16/12), 2012 La. App. Unpub. LEXIS 3222; *State v. K.W.T.,* 11-1374 (La.App. 3 Cir. 5/16/12), 2012 La. App. Unpub. LEXIS 321. The Louisiana Supreme Court denied the petitioner's application for supervisory review on November 21, 2012. *State v. Keith W. Tyler,* 2012-1353 (La. 11/21/12) 102 So.3d 53.

### C. State Collateral Review

The petitioner filed a pro se application for post-conviction relief in the state district court on June 17, 2013. Doc. 32, att. 1, pp. 15-27; *id*. at pp. 98-117; doc. 33, att. 1, pp. 1-3. After various supplements were allowed by the trial court, his final claims included ineffective assistance of counsel due to counsel's failure to: (1) elicit testimony from the State's witness regarding the victim, L.J.'s, sexual history; (2) object to the victim's medical history; (3) call certain witnesses; (4) show that the victim had motive to implicate the petitioner; (5) present mitigating evidence at sentencing; (6) impeach the victim on conflicting statements; (7) explain contradictory statements during voir dire; (8) raise *Batson* challenges; (9) review discovery responses with petitioner to address inconsistent statements; (10) impeach the victim; and (11) investigate and develop his alibi for trial.

On October 3, 2016, the trial court denied the petitioner's application for post-conviction relief. Doc. 36, pp. 73-97. On April 27, 2018, the petitioner filed an application for supervisory writs with the Third Circuit Court of Appeals (doc. 19, pp. 102-191) which was denied as deficient on March 19, 2019, because it did not comply with statutory and local court rules (doc. 19, att. 1, p. 151). On April 3, 2019, petitioner sought writs in the Louisiana Supreme Court which denied same on January 14, 2020. *State v. Tyler,* 2019-00623 (La. 01/14/20); 291 So.3d 689.

### D. Federal Habeas Petition

The instant petition was filed in this court on February 18, 2020. Doc. 1. On April 27, 2020, the undersigned ordered the State of Louisiana to file a response to petitioner's writ of habeas corpus, which it did on December 18, 2020. Doc. 17. Petitioner filed a response to the state's opposition on January 14, 2021. Doc. 41.

Petitioner presents the following issues for review herein:

1. Tyler's trial counsel rendered ineffective assistance contrary to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Counsel was ineffective insofar as he

   a. failed to conduct a reasonable investigation and to present irrefutable evidence of Tyler's innocence;
   b. failed to conduct a reasonable investigation and was ineffective where he failed to call petitioner's sister, Rene Tyler, to rebut L.J.'s alleged attack of December 21, 2008;
   c. failed to conduct a reasonable investigation and was ineffective where he failed to call Rene Tyler to rebut victim's mother's impermissible hearsay testimony;
   d. failed to conduct a reasonable investigation and was ineffective where he failed to effectively challenge L.J.'s credibility and the dates the state alleged in the bill of indictment.

2. Tyler was deprived of his Fourteenth Amendment right of due process and equal protection when the trial court summarily denied his application for post-conviction relief without providing him an opportunity to develop a record in support of his ineffective assistance of counsel claim.

3. The trial court applied the rape shield statute in violation (sic) the Fifth, Sixth, Fourteenth Amendments to the United States Constitution, this violating Tyler's right of due process and equal protection.

4. The evidence presented at trial, when viewed in a light most favorable to the prosecution, is insufficient to sustain Tyler's convictions for two counts of aggravated incest and one count of forcible rape.

5. The trial court denied the defense's cause challenges contrary to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

6. The trial court denied Tyler's motion for mistrial contrary to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

7. The trial court erred by imposing a constitutionally harsh and excessive sentence in violation of the Eighth Amendment to the United States Constitution.

Doc. 1.

## II.
## LAW & ANALYSIS

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and

the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. Application

The Louisiana Supreme Court denied Tyler's application for supervisory review on direct appeal on November 12, 2012. His conviction became final on February 19, 2013, when his 90-day window for seeking review in the United States Supreme Court expired. Sup. Ct. R. 13. In other words, for AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was able to avail himself of the tolling provisions of 28 U.S.C. §2244(d)(2) when he filed his Application for Post-Conviction Relief in the trial court on June 17, 2013. When he filed this pleading, 118 days of his AEDPA limitations period had already elapsed. Following the trial court's denial of his application, petitioner sought review in the Third Circuit Court of Appeals on April 27, 2018. While the application for review was considered timely, it was denied on procedural grounds on March 19, 2019.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period runs from the date upon which the judgment becomes final through conclusion of direct review or

through expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by this statute, the time during which a properly filed application for state post-conviction or other collateral review is pending with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1811 (2005), citing *Artuz v. Bennett*, 121 S. Ct. 361 (2000). A state application is "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is authorized to proceed to review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the petitioner's conviction became final on February 19, 2013, ninety days after denial of his application for supervisory review in the Louisiana Supreme Court in connection with his direct appeal. The petitioner then allowed **118** days of un-tolled time to elapse prior to his filing of an application for post-conviction relief ("PCR") in the state district court on June 17, 2013. In addition, upon completion of proceedings in connection with the petitioner's PCR application, through denial of the petitioner's request for supervisory review in the Louisiana Supreme Court on January 14, 2021, the petitioner then allowed an additional **36** days of un-tolled time to elapse prior to the filing of his federal habeas corpus application in this Court on or about February 18, 2020. Accordingly, it is clear that, prior to commencement and after completion of the petitioner's PCR proceedings, a total of **154** days elapsed on the one-year time clock during which the petitioner did not have pending any applications for post-conviction or other collateral relief before the state courts.

Upon the filing of the petitioner's PCR application on June 17, 2013, the limitations period remained tolled until October 3, 2016, the date on which the state trial court denied the application. Rules 4-2 and 4-3 of Louisiana's Uniform Rules, Courts of Appeal, afforded petitioner, in the absence of an extension, thirty (30) days, or until November 3, 2016, within which to file a notice of intent to seek supervisory review in the trial court and, upon the setting of a return date by the trial court, an application for supervisory review in the Louisiana Court of Appeal for the Third Circuit. Petitioner did not file an application for writs in the Third Circuit within that period, instead filing numerous motions to continue his return date. Petitioner's application for writs in the Third Circuit was ultimately filed on April 27, 2018, more than thirty days following the October 3, 2016, denial of his application with the state trial court, but the appellate court did not consider which we treat as the court's granting an extension of time to file his application with it. See *Dixon v. Cain*, 316 F.3d 553, 555 (5th Cir. 2003) (concluding that where a petitioner had filed in the state trial court a timely notice of intent to seek supervisory review, requesting therein and obtaining a return date outside of the mandated 30-day time period provided by Rule 4-3, the trial court had effectively granted the petitioner an extension of time to file his writ application).

Notwithstanding the foregoing, the State argues, and the court agrees, that the petitioner's application for supervisory review, which he filed in the intermediate appellate court on April 27, 2018, was not "properly filed" and so did not continue to toll the limitations period (to the extent that limitations period may have been extended by the appellate court when it failed to question its timeliness as noted above). Petitioner did not comply with state procedural rules and did not attach to his application the documentation required to be attached thereto by Rule 4-5 of the Uniform Rules. As a result, the intermediate appellate court thereafter explicitly denied the petitioner's application because of this procedural deficiency on March 19, 2019. Accordingly,

although the petitioner's application in the appellate court was "pending" between April 27, 2018 and March 19, 2019, it was not "properly filed" within the meaning of § 2244(d)(2) so that petitioner is not entitled to tolling during the pendency of that application.

*Dugas v. Cain*, 2010 U.S. Dist. LEXIS 71763, 2010 WL 2816247 (W.D. La., May 25, 2010), presented a situation similar to this. In that case, after the denial of the petitioner's PCR application in the state trial court, the petitioner apparently filed two writ applications in the intermediate appellate court. Both of these applications were denied on procedural grounds, the first because the application was premature and the second because, as here, the petitioner failed to comply with Louisiana Rule 4-5 by failing to provide copies of the judgment complained of, the pleadings on which the judgment was founded, and the trial court's reasons for judgment. In thereafter addressing the timeliness of the petitioner's application for habeas corpus relief in federal court, the court concluded that neither of these applications had tolled the limitations period "because both of the writs ... were not 'properly filed.'" 2010 U.S. Dist. LEXIS 71763, [WL] at *5. See also 2010 U.S. Dist. LEXIS 71768, 2010 WL 2836278 (W.D. La. July 15, 2010) (adopting the Magistrate Judge's Report and Recommendation entered in that case).

Based on the foregoing, this court similarly concludes that the petitioner's filing of his application for supervisory review in the Louisiana appellate court on April 27, 2018, which application did not comport with the procedural requirements of La. Code Crim. P. article 912.1(C) and Uniform Rule 4-5, and which application was denied for that reason, was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). As a result, beginning on that date, he no longer had a properly filed application for post-conviction or other collateral review pending before the state courts. *See Artuz v. Bennett*, *supra*, 121 S.Ct. at 364 (recognizing that a state court application for post-conviction relief may be "pending, but not properly filed.") Accordingly, an additional

period of at least **341** days of un-tolled time elapsed between April 27, 2018, and March 19, 2019, the date upon which the appellate court denied his writ application. This additional period, combined with the **154** days which have already been determined to have elapsed on the one-year limitations clock, results in a total of **<u>495</u>** days of un-tolled time, and compels the determination that the petitioner's application in this Court is untimely and must be dismissed.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). The pleadings and exhibits submitted by the petitioner suggest no reason which would support equitable tolling of the statute of limitations. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply. Dismissal on those grounds is therefore recommended.

### IV.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 25th day of August, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE